UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 6:11-cr-15-GFVT-HAI-14 |
| V. | ) ) | |
| THOMAS RAYMOND ENGLE, | ) ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 910.] Defendant Thomas "Ray" Engle is charged with several violations of his supervised release which are noted in Magistrate Judge Ingram's Recommended Disposition. [*See id.* at 2-3.] All seven violations stem from Engle's use of the drug suboxone, a Schedule III controlled substance. These violations are outlined in detail in Judge Ingram's Recommended Disposition.

At a final hearing on May 11, 2017, Mr. Engle competently entered a knowing, voluntary, and intelligent stipulation to all seven violations. Judge Ingram then appropriately considered the 18 U.S.C. § 3553 factors, as well as § 3583(e), when coming to his recommendation. Subsequently, Judge Ingram issued a Recommended Disposition which recommends revocation of Mr. Engle's term of supervised release with a term of incarceration of eight months, to be followed by a period of supervised release to expire three years from the date of Engle's release.

The Government viewed Mr. Engle's pattern of behavior as "a slip up" that "snowballed"

into a series of closely related violations. Throughout the Recommended Disposition, Judge Ingram emphasized Mr. Engle's need for treatment and rehabilitation but also explained why an additional period of incarceration is warranted in the present case. Further, Judge Ingram adequately set forth specific reasons for imposing a sentence toward the bottom of the Guidelines Range. Most notably, Judge Ingram considered Mr. Engle's past violent behavior, his previous drug charges, his compliance with supervision up until this point, his apathy towards recognizing the need for drug treatment, and his work history. One of the main reasons for imposing a more lenient sentence is that both parties see a nexus between Defendant's conduct and the recent death of his mother. All things considered, the Court finds Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors when arriving at his recommended sentence.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition advises the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 9.] *See* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition were filed within the appropriate time period by either party. Further, Mr. Engle, through counsel, submitted a notice of waiver of allocution on May 19, 2017. [R. 911.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended

Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [R. 910] as to Defendant Thomas Ray Engle is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Engle is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Mr. Engle's Supervised Release is **REVOKED**;

4. Mr. Engle is hereby sentenced to a term of incarceration of **eight (8) months**, with a term of supervised release to expire three years from the date of Engle's release for Count Two, and twelve months each on Counts Thirteen and Sixteen, all three to run concurrently. The term of supervised release shall be imposed under the same conditions previously imposed at Docket Entry 627; and

5. Judgment shall enter promptly.

This the 26th day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge