UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:11-CR-00015-GFVT-HAI-14 |
| ) | |
| V. ) | |
| ) | |
| THOMAS RAYMOND ENGLE, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge J. Gregory Wehrman. [R. 961.] Defendant Thomas Raymond Engle has been charged with four violations of his supervised release related to his substance abuse. *Id.* at 2–4.

On October 10, 2012, this Court sentenced Mr. Engle to fifty-four months imprisonment for conspiracy to distribute methamphetamine, conspiracy to retaliate against a government witness, and retaliation against a government witness. [R. 627.] He began his first three-year term of supervised release on May 29, 2015. [R. 961 at 1.] On May 11, 2017, Mr. Engle entered a guilty plea for seven violations of his supervised release for substance abuse. [R. 908; R. 910.] For these charges, the Court sentenced him to an additional eight months imprisonment and three years of supervised release. [R. 928.]

According to the Supervised Release Violation Report (the Report) issued by the United States Probation Office (USPO) on July 26, 2018, Mr. Engle was arrested in Barbourville, Kentucky on July 22, 2018, for failure to appear for arraignment before Laurel County District Court. [R. 961 at 2.] Upon arrest, Mr. Engle was found to have Gabapentin pills in his

possession and was charged in Knox County for possession of a controlled substance in violation of KRS § 217.182(7). *Id*. The Report charges Mr. Engle with Violation #1, a Grade C violation, for violating the conditions of his release prohibiting him from unlawful possession of a controlled substance and from committing another state, local, or federal crime. *Id*.

On August 10, 2018, USPO issued an Addendum to the Report. *Id*. According to the Addendum, he reported to USPO on July 25 to discuss this arrest and provided a urine sample. *Id*. at 3. Though Mr. Engle denied using controlled substances, toxicology testing indicated positive results for Gabapentin in his sample. *Id*. The Addendum charges Mr. Engle with three additional violations. *Id*. Violation #2, a Grade C violation, is based on Mr. Engle's unlawful use of a controlled substance in violation of his conditions of release. *Id*. Violation #3, a Grade C violation, charges Mr. Engle with violating conditions prohibiting him from committing another crime and prohibiting him from unlawfully possessing a controlled substance. *Id*. Violation #4, another Grade C violation, charges Mr. Engle with violating a condition that he "must answer truthfully" questions posed by a probation officer for lying to the USPO about his drug usage. *Id*.

Upon his initial appearance before Magistrate Judge Atkins on August 23, 2018, Mr. Engle entered a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. [R. 959.] The United States moved for interim detention, and Mr. Engle did not argue for release. *Id*. Judge Atkins determined that Mr. Engle did not meet the heavy defense burden under § 3143(a) to justify release, and he remanded Mr. Engle to the custody of the United States Marshal. *Id*. On August 27, 2018, Magistrate Judge J. Gregory Wehrman held a final revocation hearing where Mr. Engle competently entered a knowing, voluntary, and intelligent stipulation to Violations #1, #2, #3, and #4. [R. 960.]

As an initial matter, Judge Wehrman noted that revocation is mandatory because Mr. Engle was in possession of a controlled substance. 18 U.S.C. § 3583(g)(1). With Mr. Engle's criminal history category of III and a Grade C violation,[1] Judge Wehrman calculated his Guidelines Range to be five to eleven months. [R. 961 at 4–5.] The Government argued for nine months imprisonment followed by three years of supervised release. *Id*. at 5. According to the Government, that sentence would be appropriate because this is Mr. Engle's second revocation related to his substance abuse, he lied to the USPO about his using drugs, and there is a need to protect the public from such substance abuse. *Id*. at 5–6. However, the Government did note that his guilty plea was mitigating. *Id*. Counsel for Mr. Engle argued that this revocation was less serious than his last revocation because these violations were Grade C instead of Grade B. *Id*. at 6. Defense requested a longer term of imprisonment, eleven months, but a shorter term of supervised release, twelve months. *Id*. Mr. Engle address the Court and conveyed his desire to put the incident behind him. *Id*.

After consideration of the nature and circumstances of Mr. Engle's conviction, as well as his history and characteristics, Judge Wehrman determined revocation mandatory. *Id*. at 6–7. Judge Wehrman noted Mr. Engle's underlying offenses and subsequent violations of release all stemmed from his substance abuse. *Id*. Particularly, his underlying offenses were particularly violent and inherently endanger the community. *Id*. at 7. Further, Judge Wehrman stressed that lying to the USPO is a significant breach of the Court's trust. *Id*. Ultimately, Judge Wehrman recommended ten months incarceration, followed by two years of supervised release. *Id*. at 8.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Wehrman's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Engle has filed a waiver of allocution and indicated no objection to the Recommendation. [R. 962.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 961**] as to Defendant Thomas Raymond Engle, is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Engle is found **GUILTY** of Violations #1, #2, #3, and #4;

3. Mr. Engle's Supervised Release is **REVOKED;**

4. Mr. Engle is hereby sentenced to a term of incarceration of **ten (10) months**;

5. Upon completion of the term of incarceration, Mr. Engle is hereby sentenced to a term of supervised release of **twenty-four months** under the conditions previously imposed; and

6. Judgment shall enter promptly.

This the 12th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge